UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

In re                              :     Chapter 11

                                  :

Journal Register Company, Inc., et al.,[1]  :     Case No. 09-10769 (ALG)

                                  :

               Debtors.     :     Jointly Administered

------------------------------------------------------x

## FINAL ORDER AUTHORIZING: (A) CONTINUED USE OF THE DEBTORS' CASH MANAGEMENT SYSTEM AND PROCEDURES; (B) MAINTENANCE AND CONTINUED USE OF EXISTING BANK ACCOUNTS; (C) WAIVER OF CERTAIN OPERATING GUIDELINES RELATING TO BANK ACCOUNTS; AND (D) INTERIM WAIVER OF THE REQUIREMENTS OF SECTION 345(b) OF THE BANKRUPTCY CODE

Upon the motion (the "**Motion**") of the debtors and debtors in possession in the

above-captioned cases (collectively, the "**Debtors**") for an order, pursuant to sections 105(a),

345, 363, 364 and 503 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule

6003 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing: (a)

the continued use of the Debtors' cash management system and procedures (the "**Cash**

**Management System**"); (b) maintenance and continued use of their existing bank accounts; (c)

a waiver of certain operating guidelines relating to bank accounts; and (d) interim waiver of the

requirements of section 345(b) of the Bankruptcy Code; and upon the Affidavit of James W.

---

[1]     If applicable, the last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) Journal Register Company (8615); (ii) 21st Century Newspapers, Inc. (6233); (iii) Acme Newspapers, Inc. (6478); (iv) All Home Distribution Inc. (0624); (v) Chanry Communications, Ltd. (3704); (vi) Greater Detroit Newspaper Network, Inc. (4228); (vii) Great Lakes Media, Inc. (5920); (viii) Great Northern Publishing, Inc. (0800); (ix) The Goodson Holding Company (2437); (x) Heritage Network Incorporated (6777); (xi) Hometown Newspapers, Inc. (8550); (xii) Independent Newspapers, Inc. (2264); (xiii) JiUS, Inc. (3535); (xiv) Journal Company, Inc. (8220); (xv) Journal Register East, Inc. (8039); (xvi) Journal Register Supply, Inc. (6546); (xvii) JRC Media, Inc. (4264); (xviii) Middletown Acquisition Corp. (3035); (xix) Morning Star Publishing Company (2543); (xx) Northeast Publishing Company, Inc. (6544); (xxi) Orange Coast Publishing Co. (7866); (xxii) Pennysaver Home Distribution Corp. (9476); (xxiii) Register Company, Inc. (6548); (xxiv) Saginaw Area Newspapers, Inc. (8444); (xxv) St. Louis Sun Publishing Co. (1989); (xxvi) Up North Publications, Inc. (2784); and (xxvii) Voice Communications Corp. (0455). The Debtors' executive headquarters' address is 790 Township Line Road, Third Floor, Yardley, PA 19067.

Hall, Chairman and Chief Executive Officer of Journal Register Company, In Support of Chapter

11 Petitions and First Day Pleadings; and due and sufficient notice of the Motion having been

given; and it appearing that no other or further notice need be provided; and it appearing that the

relief requested by this Motion is in the best interests of these estates, their creditors, and other

parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED that:

1.    The Motion is granted to the extent set forth herein.

2.    Capitalized terms not otherwise defined herein shall have the meanings

ascribed to such terms in the Motion.

3.    The Debtors are authorized and empowered to continue to manage their cash

pursuant to the Cash Management System they maintained prior to the Petition Date, and to

collect and disburse cash in accordance with the Cash Management System.

4.    The requirements of the U.S. Trustee Guidelines that the Debtors close all

existing Bank Accounts and open new debtor in possession accounts are hereby waived.  Further,

the requirements of the U.S. Trustee Guidelines that the Debtors establish specific bank accounts

for tax payments are hereby waived.

5.    The Debtors may disburse funds from the Bank Accounts by checks, drafts,

wires, debits, ACH transfers or by any other means.

6.    As soon as practicable after the entry of this Order, the Debtors shall begin

stamping or printing their check stock with "Debtor in Possession" and the chapter 11 case

number under which these cases are being administered.

7.    The Debtors are authorized to continue to invest and deposit funds in the Bank

Accounts in accordance with their prepetition practices, without the need for a bond or other

collateral as required by section 345(b) of the Bankruptcy Code, through and including March 27, 2009, so long as the Bank Accounts remain insured by the Federal Deposit Insurance Corporation.  This Order is without prejudice to the Debtors' right to seek a further interim waiver or final waiver, which may be mutually agreed upon in writing by the U.S. Trustee, the Debtors and the administrative agent under the Debtors' prepetition credit agreement without further order of this Court.  This Order shall be without prejudice to the rights of the U.S. Trustee to seek a modification of the terms hereof upon legislative or other changes to the Federal Deposit Insurance Corporation insurance limits applicable to the Debtors' Bank Accounts.

8.      All applicable Banks and other financial institutions are authorized to accept and hold or invest funds, at the Debtors' direction, in accordance with the Debtors' prepetition investment practices.

9.      The Banks where the Debtors maintain the Bank Accounts are authorized and directed to continue to service and administer the Bank Accounts as accounts of the Debtors as debtors in possession without interruption and in the usual and ordinary course, and to receive, process and honor and pay any and all checks, drafts, wires or ACH transfers issued or initiated by the Debtors, and drawn on the Bank Accounts, after the Petition Date by the holders or makers thereof, as the case may be, provided there are sufficient funds, whether deposited prior or subsequent to the Petition Date, in the requisite Bank Account, or otherwise available to cover and permit payment thereof.

10.     All Banks where the Debtors maintain Bank Accounts are hereby authorized to:  (a) continue to service and administer the Bank Accounts in the manner maintained prior to the Petition Date, without interruption, in the usual and ordinary course; (b) continue to deduct, without further order of this Court, from the appropriate Bank Accounts the Banks' customary

fees and expenses associated with the nature of the deposit or cash management or custodial services rendered to the Debtors; and (c) to receive, process and honor and pay any and all checks, drafts, wires or ACH transfers issued or initiated by the Debtors, and drawn on the Bank Accounts, by the holders or makers thereof, as the case may be; provided, however, that any check drawn or issued by the Debtors before the Petition Date may be honored by any bank only if specifically authorized by order of this Court.

11.     Except for those checks that may be honored and paid in compliance with any order of this Court authorizing payment of certain prepetition claims (the "**Authorized Checks**"), and the Banks having received a list of such Authorized Checks from the Debtors, in writing, within two (2) business days of the entry of the order authorizing such Authorized Checks, no checks or drafts issued on the Bank Accounts before the Petition Date but presented for payment after the Petition Date shall be honored or paid.

12.     Notwithstanding any other provision of this Order, no Bank that honors a prepetition check or other item drawn on any account that is the subject of this Order: (a) at the direction of the Debtors; (b) in a good faith belief that the Court has authorized such prepetition check or item; or (c) as the result of a good faith error made despite implementation of reasonable item handling procedures, shall be deemed to be liable to the Debtors or their estates or otherwise in violation of this Order.

13.     The Debtors shall record the consolidated balances of each of their Bank Accounts so that all postpetition transfers and transactions respecting such Bank Accounts shall be adequately and promptly documented in, and readily ascertainable from, their books and records, to the same extent maintained by the Debtors prior to the commencement of these chapter 11 cases.

14.     Nothing contained herein shall prevent the Debtors from opening any additional bank accounts, or closing any existing Bank Accounts, as they may deem necessary and appropriate; <u>provided</u>, <u>however</u>, that the opening or closing of any Bank Account shall be without prejudice to the liens, if any, granted to the administrative agent (the "**Administrative Agent**") under the Debtors' prepetition credit agreement whether such liens were granted prior to or after the Petition Date.  The Banks are authorized to honor the Debtors' request to open or close, as applicable, such Bank Accounts or other bank accounts.   The Debtors shall notify the Administrative Agent and the U.S. Trustee of the opening of any new Bank Accounts or closing of any existing Bank Accounts by providing information regarding any such new or closed account in the Debtors' monthly operating reports.

15.     As promptly as possible, but in no event later than five (5) business days after entry of this Order, the Debtors shall serve a copy of this Order on all Banks whose Bank Accounts are listed on <u>Exhibit A</u> to the Motion.

16.     Claims, if any, arising from any transfer from a Debtor to, or on behalf of, another Debtor that occurred on or after the Petition Date shall be entitled to administrative expense priority under section 503(b) of the Bankruptcy Code.

17.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied with respect to the relief granted by this Order.

18.     Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

19.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated:  New York, New York
          March 17, 2009

                                    _/s/ Allan L. Gropper_____
                                    THE HONORABLE ALLAN L. GROPPER
                                    UNITED STATES BANKRUPTCY JUDGE