UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

In re:                                                          Chapter 11

JOURNAL REGISTER COMPANY, et al.,[1]                            Case No. 09-10769 (ALG)

                         Debtors.                               (Jointly Administered)

-----------------------------------------------------------------x

## APPLICATION FOR AN ORDER PURSUANT TO, *INTER ALIA*, SECTIONS 328(a) AND 1103(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014(a), AND LOCAL BANKRUPTCY RULE 2014-1 AUTHORIZING EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC., EFFECTIVE AS OF MARCH 6, 2009, AS FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

TO:    THE HONORABLE ALLAN L. GROPPER,
        UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") of Journal Register Company, et al. (collectively, the "Debtors"), as and for its Application for an Order Pursuant to, *inter alia*, Sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Bankruptcy Rule 2014-1 Authorizing Employment and Retention of FTI Consulting, Inc., together with its wholly owned subsidiaries, agents, independent contractors and employees ("FTI" or, the "Applicant"), Effective as of March 6, 2009, as Financial Advisors to the Committee, respectfully represents:

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors are as follows: (i) Journal Register Company (8615); (ii) 21st Century Newspapers, Inc. (6233); (iii) Acme Newspapers, Inc. (6478); (iv) All Home Distribution Inc. (0624); (v) Chanry Communications, Ltd. (3704); (vi) Greater Detroit Newspaper Network, Inc. (4228); (vii) Great Lakes Media, Inc. (5920); (viii) Great Northern Publishing, Inc. (0800); (ix) The Goodson Holding Company (2437); (x) Heritage Network Incorporated (6777); (xi) Hometown Newspapers, Inc. (8550); (xii) Independent Newspapers, Inc. (2264); (xiii) JiUS, Inc. (xiv) Journal Company, Inc. (8220); (xv) Journal Register East, Inc. (8039); (xvi) Journal Register Supply, Inc. (6546); (xvii) JRC Media, Inc. (4264); (xviii) Middletown Acquisition Corp. (3035); (xix) Morning Star Publishing Company (2543); (xx) Northeast Publishing Company, Inc. (6544); (xxi) Orange Coast Publishing Co. (7866); (xxii) Pennysaver Home Distribution Corp. (9476); (xxiii) Register Company, Inc. (6548); (xxiv) Saginaw Area Newspapers, Inc. (8444); (xxv) St. Louis Sun Publishing Co. (1989); (xxvi) Up North Publications, Inc. (2784); and (xxvii) Voice Communications Corp. (0455). The Debtors' executive headquarters is located at 790 Township Line Road, Third Floor, Yardley, Pennsylvania 19067.

1254692.1

## Introduction

1.    On February 21, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). This Court entered an Order Authorizing Joint Administration of these Chapter 11 cases on February 25, 2009. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

2.    This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is section 1103 of the Bankruptcy Code.

## Background

3.    On March 3, 2009, the United States Trustee for the Southern District of New York (the "U.S. Trustee") conducted an organizational meeting of the Debtors' unsecured creditors for the purpose of forming an official committee of unsecured creditors (the "Organizational Meeting"). At the Organizational Meeting, the U.S. Trustee appointed the following three (3) entities to the Committee pursuant to section 1102(a) of the Bankruptcy Code: (i) Central States, Southeast and Southwest Areas Health and Welfare and Pension Funds, represented by Brad R. Berliner; (ii) The Newspaper Guild, represented by Carol D. Rothman; and (iii) R.R. Donneley, represented by Dan Pevonka. On March 3, 2009, the Committee selected Central States, Southeast and Southwest Areas Health and Welfare and Pension Funds, represented by Brad R. Berliner, as Chairperson of the Committee

4.    On March 3, 2009, the Committee selected Otterbourg, Steindler, Houston & Rosen, P.C., as its counsel. On March 6, 2009, the Committee selected FTI as its financial advisor.

1254692.1                                    2

## Relief Requested

5.      By this Application, the Committee seeks to employ and retain FTI pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code to perform financial advisory services for the Committee in these chapter 11 cases, effective as of March 6, 2009.

6.      The Committee is familiar with the professional standing and reputation of FTI. The Committee understands and recognizes that FTI has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.  The Committee is aware that FTI has experience with the restructurings and reorganizations of various media producers.

7.      The services of FTI are deemed necessary to enable the Committee to assess and monitor the efforts of the Debtors and their professional advisors to maximize the value of their estates and to reorganize successfully.  Further, FTI is well qualified and able to represent the Committee in a cost-effective, efficient and timely manner.

## Scope of Services

8.      FTI will provide such consulting and advisory services to the Committee and Committee counsel as they deem appropriate in order to advise the Committee in the course of these chapter 11 cases, including but not limited to:

- Assistance to the Committee in the review of financial related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs and Monthly Operating Reports;

- Assistance to the Committee, as required, with information and analyses required pursuant to the Debtors' use of cash collateral including, but not limited to, preparation for hearings regarding the use of cash collateral;

- Assistance and advice to the Committee with respect to the Debtors' identification of core business assets and the disposition of assets or liquidation of unprofitable operations;

- Assistance with a review of the Debtors' performance of cost/benefit evaluations with respect to the affirmation or rejection of various executory contracts and leases;

- Assistance regarding an evaluation of the present level of operations and identification of areas of potential cost savings, including overhead and operating expense reductions and efficiency improvements;

- Assistance in the review of financial information distributed by the Debtors to Committee counsel and others, including, but not limited to, cash flow projections and budgets, cash receipts and disbursement analyses, analyses of various asset and liability accounts, and analyses of proposed transactions for which Court approval is sought;

- Attendance at meetings and assistance in discussions with the Debtors, potential investors, banks, other secured lenders, the Committee and any other official committees organized in these chapter 11 proceedings, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

- Assistance in the review and/or preparation of information and analyses necessary for the confirmation of a plan in these chapter 11 proceedings;

- Assistance in the valuation of the business and review of capital structure alternatives;

- Assistance in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers; and

- Rendering such other general business consulting or such other assistance as the Committee or Committee counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in this proceeding.

## FTI's Eligibility for Employment

9.      FTI has informed the Committee that, except as may be set forth in the Affidavit of Michael Eisenband (the "Eisenband Affidavit"), it does not represent any other entity having an adverse interest in connection with these cases, and therefore believes it is eligible to represent the Committee under section 1103(b) of the Bankruptcy Code.

10.      FTI will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new material facts or relationships are discovered, FTI will supplement its disclosure to the Court.

11.      FTI has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these cases.

1254692.1                                                4

## Terms of Retention

12.    The Committee understands that FTI intends to apply to the Court for the allowance of compensation and reimbursement of expenses for its financial advisory support services in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, corresponding local rules, orders of this Court and guidelines established by the U.S. Trustee.

13.    The Committee seeks to retain FTI pursuant to a fixed monthly fee structure (the "Monthly Fixed Fee") of $125,000 for the first month of FTI's services, $100,000 for the second month of its services, and $75,000 for each month of its services thereafter, plus reimbursement of actual and necessary expenses incurred by FTI.  The Monthly Fixed Fee shall be subject to a periodic review by the Committee and FTI, and any proposed changes will be subject to Court approval.  Actual and necessary expenses would include any legal fees incurred related to FTI's retention and defense of fee applications in this matter, subject to Court approval.

14.    On a monthly basis as part of FTI's monthly fee application, FTI will provide summary time detail that includes the total number of hours worked by professional and the total number of hours spent by task category.  For each task category, FTI will provide an overview of the type of work performed.

## Notice

15.    Notice of this Application has been given to (i) counsel to the Debtors, (ii) the U.S. Trustee and (iii) all parties who have filed a notice of appearance in these cases.  In light of the nature of the relief requested, the Committee submits that no further notice is required.

## No Prior Request

16.    No prior Application for the relief requested herein has been made to this or any other Court.

1254692.1                                             5

WHEREFORE, the Committee respectfully requests that the Court enter an Order, substantially in the form attached hereto, authorizing the Committee to employ and retain FTI as financial advisors for the Committee for the purposes set forth above, effective as of March 6, 2009, and grant such further relief as is just and proper.

Dated: New York, New York
     April 1, 2009

<div style="margin-left:45%">

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF JOURNAL REGISTER COMPANY, et al.

Brad R. Berliner, Esq., on behalf of
Central States, Southeast and Southwest Areas
Health and Welfare and Pension Funds
Chairperson of the Committee

By: _____
      Brad R. Berliner

</div>

1254692.1            6