Rattet, Pasternak & Gordon-Oliver, LLP
Attorneys for Anthony Bates
and Jennifer Bates
550 Mamaroneck Avenue
Harrison, New York 10528
(914) 381-7400

Arlene Gordon-Oliver, Esq.
Scott A. Steinberg, Esq.

**Hearing Date: July 7, 2009**
**Hearing Time: 11:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

JOURNAL REGISTER COMPANY, et al.,

                     Debtors.
------------------------------------------------------------X

Chapter 11

Case No. 09-10769 (ALG)

Jointly Administered

## MOTION OF ANTHONY BATES AND JENNIFER BATES SEEKING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTIONS 105 AND 362(d) OF THE BANKRUPTCY CODE TO PERMIT BATES TO PROCEED WITH STATE COURT ACTION AGAINST DEBTORS' INSURANCE CARRIER FOR PERSONAL INJURIES SUSTAINED BY BATES IN THE COURSE OF HIS EMPLOYMENT BY THE DEBTOR

TO:   THE HONORABLE ALLAN L. GROPPER.
       UNITED STATES BANKRUPTCY JUDGE:

The application (the "Application") of Anthony Bates and Jennifer Bates (collectively "Bates"), creditors and parties in interest herein, by their attorneys Rattet, Pasternak & Gordon-Oliver, LLP for entry of an order (i) lifting and modifying the automatic stay pursuant to Bankruptcy Code Sections 105 and 362(d) to permit Bates to proceed with a state court action against Debtors' insurance carrier for personal injuries sustained by Bates in the course of his employment by the Debtors and (ii) for such other and further relief as the Court deems just and proper, respectfully sets forth and alleges as follows:

## JURISDICTION

1. The Court has jurisdiction over this proceeding to 28 U.S.C. § 157(a) and 1334.

2. Venue in this District is proper pursuant to 28 U.S.C. § 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § I 57(b)(2)(A) and (0).

4. This statutory predicates for the relief sought herein are Bankruptcy Code §§ 105(a) and 362(d), and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

5. On February 21, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

6. The Debtors comprise a national media company. The Debtors own and operate daily newspapers and non daily publications, news and employment web sites and commercial printing facilities.

7. Anthony Bates was employed by one or more of the Debtors. On April 20, 2008 Mr. Bates was helping to load the Debtors' delivery trucks. During the loading the operators foot slipped off the brake onto the accelerator causing the truck to back into and pin Mr. Bates between the truck and the loading area guardrail. As a result of the crush injuries, Mr. Bates sustained a severed artery, fractures to both of his legs and numerous other injuries which required surgeries to repair the extensive damage to both legs.

8. It is likely that Mr. Bates Bates will require further surgeries and medical procedures to treat the injuries sustained as a result of the negligence of the Debtor and the operator of the delivery truck. As a result of sustaining these injuries, Bates, has been caused to suffer an overall physical discomfort that impose restrictions on his ability to partake in and enjoy all of life's activities.

9. At the time of the claimed injury, the Debtor maintained one or more policies of insurance with one or more insurance carriers (the "Insurers").

10. On February 25, 2009 Bates prepared a Summons and Complaint to commence an action in Superior Court, State of Connecticut against Journal Register East, Inc. d/b/a New Haven Register and New Haven Register, LLC (the "State Court Action"). A copy of the Summons and Complaint is annexed hereto as **Exhibit "A"**. Upon information and belief, the Summons and Complaint were not filed with the Connecticut Superior Court because of the Debtors' Chapter 11 proceedings which were commenced four (4) days earlier.

## RELIEF REQUESTED

11. Bates respectfully requests that the automatic stay be modified pursuant to Bankruptcy Code §§ 105(a) and 362(d) so as to permit Bates to prosecute their action in state court. To the extent that Bates' obtains a judgment or settlement from the Insurers, Bates will limit their recovery to the available insurance proceeds and will not assert any claim against the Debtors or their estates with respect to the injuries sustained by Anthony Bates.

12. Specifically, Bates seeks an order containing the following provisions and providing for the following relief:

(a) The automatic stay will be modified to the extent of permitting the full litigation of the State Court Action for the purposes of the determination of, among other issues, the liability, if any, of the Debtors as asserted by Bates in the State Court Action.

(b) The claims of, and any judgments obtained by Bates in the State Court Action shall not be asserted as a claim or claims in the Chapter 11 case of the Debtors or otherwise be enforceable against the Debtors or their property and shall not create a lien upon any property of the Debtors.

(c) The enforcement of any claim or judgment obtained by Bates against the Debtors in connection with the State Court Action is expressly limited to the amount of any insurance proceeds available at the time of final disposition of the State Court Action under and any applicable policies of insurance maintained by the Debtors.

(d) No judgment shall be entered in the State Court Action against the Debtors for any amount in excess of the insurance coverage maintained by the Debtors.

### THERE IS NO PREJUDICE TO THE DEBTORS IN GRANTING THE RELIEF REQUESTED

13. Courts faced with this issue have consistently held that the automatic stay should be lifted to allow the claimant to pursue its rights and remedies against insurance carriers and other non debtor entities, where there is no prejudice to the debtor. In *In re Fine Air Services Corp.*, 2005 WL 3190398 (Bankr. S.D. Fla. 2005), the Court lifted the automatic stay to allow the personal injury plaintiff to proceed in a state court action to establish liability against the debtors for the sole purpose of recovering from the debtors' insurer. Where the claimant agrees to limit recovery to available insurance proceeds, the stay should be lifted. *Id.*

14. In *Fine Air Services Corp.* the Court the court cited to the Second Circuit decision in *Green v. Welsh*, 956 F.2d 30 (2d Cir. 1992) where the claimant, an unsecured creditor with an unliquidated claim based on tort claims against the debtor did not obtain relief from the stay prior to the debtor's discharge. The Second Circuit held that "Green was allowed to proceed with her negligence action, so long as the action 'remained confined to obtaining a judgment by [the] liability insurer'". *Id* at 33. The court reasoned that the lack of prejudice to the debtor and the concomitant harm that would be suffered by the claimant supported the relief of allowing the action to proceed in state court, notwithstanding that the debtor had already received its discharge. *See also In re Fowler,* 259 B.R. 856, 860 (Bankr, E.D. Tx. 2001), (bankruptcy courts

routinely lift the stay to allow state court tort actions to proceed to determine liability of debtor where the creditor agrees to limit his recovery to available insurance proceeds).

15.  The result and policy considerations do not depend on whether the tort claimant has filed a proof of claim or not. *In I.B.M. v. Fernstrom Storage and Van Co. (Matter of Fernstrom Storage and Van Co,)*, 938 F.2d 731,733 (7th Cir. 1991) the Seventh Circuit held:

> "the creditor's failure to file a proof of claim
> in the bankruptcy case did not bar the creditor
> from proceeding against the debtor to obtain
> a declaration of liability that would enable the
> creditor to recover from the debtor's insurance policies."

*See also, Owaski v. Jet Florida Systems, Inc. (In re Jet Florida Systems, Inc.,* 833 F.2d 970, 973 (11th Cir. 1989) where the court held that a creditors failure to file a proof of claim did not bar the creditor from proceeding against the debtor to establish liability in order to enable the creditor to recover against debtor's insurer. In so holding the court, citing *Fernstrom* stated

> "The purpose of the proof of claim is merely to alert the
> court, trustee and other creditors as well as the debtor, to
> claims against the estate. 937 F.2d at 734. <u>The purpose is
> not to bar a creditor from proceeding with an action to recover
> against the Debtor's liability insurance carrier.</u>
> (emphasis added).

16.  The Court of Appeals for the Fifth Circuit also recently weighed in on the issue in *In the Matter of Coho Resources, Inc.,* 345 F.3d 338 (5th Cir. 2003) where the issue was whether the creditor/plaintiff, who did not file a proof of claim, could execute on a state court judgment against a discharged debtor and its general liability insurer. In allowing the claimant to proceed against the insurer the court had little difficulty in responding to the argument that the tort claimant could not proceed against the insurer because it did not file a proof of claim:

> The discharge and injunction [provided for in 11 U.S.C. §
> 524(a)] are expressly designed to protect only the
> *Debtor*, and do not affect the liability of any other entity
> for the debt. Accordingly, courts are in 'near unanimous agreement
> that § 524(e) permits a creditor to bring and proceed in an action

> nominally directed at a discharged debtor for the sole
> purpose of proving liability on its part as a prerequisite
> from recovering from its insurer. In *Houston v. Edgeworth*
> (*In re Edgeworth*), we endorsed this approach, 'explaining
> that it makes no sense to allow an insurer to escape coverage
> for injuries caused by its insured merely because the insured
> receives a bankruptcy discharge' and noting that "[s]uch a
> result would be fundamentally wrong." (footnotes omitted)
>
> \* \* \* \* \*
>
> In short, even though [claimants] failure to file a proof of claim
> in Coho's bankruptcy proceedings is a bar to continued
> prosecution of claims against Coho, it does not effect his
> claims against nondebtors such as general liability insurers.
> "The 'fresh start policy' is not intended to provide a method
> by which an insurer can escape its obligations based simply
> on the financial misfortunes of the insured". (footnotes omitted).

345 F.3d at 343.

17.    Bates respectfully submits the overwhelming majority of courts dealing with this issue have determined that to the extent there is any prejudice to the Debtor in allowing the state court action to proceed for the purpose of establishing the debtor's liability and confining any recovery to available insurance proceeds. In balancing the prejudices and hardships, the prejudice to the claimant, if not allowed to proceed against insurance proceeds, clearly outweighs any prejudice to the debtor. A court of equity should be loathe to permit such a result.

## WAIVER OF MEMEORANDUM OF LAW

18.    Bates respectfully submits that the Application does not present any novel issues of law and contains a discussion of the relevant statutory and case law. The Debtor respectfully requests that the Court waive the requirement of a separate memorandum of law required by Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

## NOTICE

19. The Application is being served upon (i) the Office of the United States Trustee, 33 Whitehall Street, 22nd Floor, New York, New York 10004, (ii) counsel for the Debtors, (iii) counsel for the Official Committee of Unsecured Creditors, (iii) all individuals and entities that have filed a notice of appearance and request for documents. It is respectfully submitted that such service is good and sufficient notice, as required by Bankruptcy Rules and Local Bankruptcy Rule 9013-1(c).

20. No previous application for the relief requested herein has been made to this or any other Court.

## CONCLUSION

21. For the foregoing reasons, Bates respectfully requests that the Court enter the Proposed Order and grant such other relief as the Court deems just.

WHEREFORE, Bates requests that the Court enter the Proposed Order and grant Bates such other and further relief and the Court deems just and proper.

Dated: Harrison, New York
      June 10, 2009

                                  RATTET PASTERNAK & GORDON-OLIVER, LLP
                                  Attorneys for Anthony Bates
                                  550 Mamaroneck Avenue
                                  Harrison, New York 10528
                                  (914) 381-7400

                                  By: */s/ Scott A. Steinberg*
                                        Scott A. Steinberg