UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| In re: | Chapter 11 |
| Journal Register Company, *et al.*, | Case No. 09-10769 (ALG) |
| Debtors. | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## ORDER

**ALLAN L. GROPPER**
**UNITED STATES BANKRUPTCY JUDGE**

Shareholder Philip P. Kalodner ("Movant") has moved for an amendment to two findings of fact or conclusions of law set forth in the Court's order dated July 7, 2009, confirming the Debtors' Amended Joint Chapter 11 Plan (the "Plan"). The motion is in the nature of a motion for reargument and requires no hearing. S.D.N.Y. Local Bankruptcy Rule 9023-1.

The first amendment would vacate the finding that the Plan proponents complied with the requirements of § 1129(a)(5) of the Bankruptcy Code and "disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the debtor, and affiliate of the debtor participating in a joint plan with the debtor, or a successor to the debtor under the plan" and "the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider." Movant complains that the Plan proponents did not disclose the identity and affiliation of the Debtors' new chief executive officer.

There is no dispute that a new CEO for the Debtors was not named as of the date of the Confirmation Hearing. The statute does not require that a CEO be named in order for a debtor to be able to confirm a plan. Section 1129(a)(5) requires that there be disclosure of those who will serve. The applicable corporate law of Delaware also does not require a corporation to have a CEO. *See* Del. Gen. Corp. Law § 142. Obviously, the naming of a CEO may be material under certain circumstances; however, in this case, neither the general creditors nor the shareholders have any equity or other stake in the Reorganized Debtors. The Bankruptcy Code does not prohibit the choice of a new CEO being left for the Debtors' new owners, the Secured Lenders.

Movant also seeks an amendment to the Court's finding of feasibility under § 1129(a)(11) on the ground that the Debtors admit that they will have to refinance their new debt in four and five years, respectively. The Debtors and their financial advisors testified at the confirmation hearing that there will be sufficient cash available under the exit financing for the Reorganized Debtors to meet their obligations and function as viable entities. Movant cites no authority for the proposition that a need for refinancing in the future precludes a finding of feasibility. His contentions on feasibility, which were rejected in the Court's decision dated July 7, 2009, are again overruled.

The motion is denied. **IT IS SO ORDERED.**

Dated: New York, New York
      July 21, 2009

                                    */s/ Allan L. Gropper*_____
                                    UNITED STATES BANKRUPTCY JUDGE